# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
August 2000 Session

## STATE OF TENNESSEE v. PHILLIP SHEAD, JR.

**Direct Appeal from the Circuit Court for Madison County**
**No. 97-496, Roy B. Morgan, Jr., Judge**

---

**No. W2000-00106-CCA-R3-CD - Decided - October 2, 2000**

---

## ORDER

The appellant, Phillip Shead Jr., appeals from the order of the Madison County Circuit Court revoking his probation and reinstating his original eight year sentence in the Department of Correction. We affirm the judgment of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R.

Under the terms of a 1997 negotiated plea agreement, the appellant plead guilty to attempted second degree murder and was sentenced to eight years in the Tennessee Department of Correction.[1] The eight year sentence was suspended after eleven months, twenty nine days incarceration in the county jail.

A probation violation report was filed on December 2, 1999, alleging that the appellant had violated conditions #1, #4, #6, and #10 of his conditions of probation. Specifically, the report alleged:

Rule #1 -- Offender was arrested for Driving on a Suspended License on 2/24/99 . . . a capias has been issued.

Rule #4 -- Offender as he has not proven employment.

Rule #6 -- Offender will not carry out instruction of Probation Officer. He will not report for his scheduled appointments.

Rule #10 -- Offender will not pay on restitution or fines.

---

[1]The appellant was indicted on one count of attempted first degree murder, one count of aggravated assault, one count of unlawful possession of a deadly weapon, and one count of a firearm with an altered serial number.

An amended violation report was filed on January 11, 2000, noting that the appellant pled guilty on September 14, 1999, to the offense of driving on a suspended license.

A probation revocation hearing was conducted on January 11, 2000, at which the appellant and his probation officer testified. At the conclusion of the hearing, the trial court found that the appellant had violated the terms and conditions of his probation by:

1. Failing to report to his probation officer.
2. Failing to obey the law as evidenced by his arrest and conviction for Driving on a Suspended License.
3. Failing to verify his employment.

The court reinstated the original eight year sentence.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation. Tenn. Code Ann. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The decision to revoke probation will not be reversed on appeal absent an abuse of that discretion. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the finding of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

On appeal, the appellant does not contest the grounds supporting revocation. Rather, he argues that the trial court abused its discretion by imposing the original sentence of incarceration rather than extending the period of probation or modifying the conditions of probation. This argument is without merit.[2] We find the record fully supports the trial court's action.

Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.

---

[2]We note that, in the appellant's brief, he argues that principles of sentencing apply within a probation revocation hearing. This position is misplaced. The application of sentencing principles appropriate to the appellant's case concluded upon imposition of his sentence. See State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108 (Tenn.Crim.App. at Jackson, May 1, 1996).

_____
DAVID G. HAYES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE